# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT A. STATEN, | CASE NO. 1:09-cv-00801-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| J. WANG, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.  Screening Requirement**

Plaintiff Dwight A. Staten ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, filed on May 5, 2009. (Doc. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

1

1  Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555
2  (2007)).
3      Under section 1983, Plaintiff must demonstrate that each defendant personally participated
4  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires
5  the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct.
6  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that]
7  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line
8  between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting
9  Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations
10 contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 129
11 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere
12 conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

13 **II.    Complaint Allegations**

14     Plaintiff is incarcerated at California State Prison, Corcoran ("CSPC"), where the incidents
15 alleged in the complaint occurred.  On July 21, 2008, Plaintiff had surgery to remove a cyst from his
16 neck.  After surgery the dressings were to be changed by medical personnel at CSPC.  On July 28,
17 2008, Defendant Jones would not change the dressing and on August 28, 2008, Plaintiff was denied
18 a new dressing by Defendant Shelburn and his neck became infected.  (Doc. 1, Comp., § IV.)

19     Plaintiff brings suit naming Defendants J. Wang, J. Jones, and Shelburn.  (Id., § III.)  In order
20 for a pleading to state a claim for relief it must contain "a demand for the relief sought, which may
21 include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a)(3).  Plaintiff fails
22 to state the relief requested and therefore has failed to state a cognizable claim.  (Id., § V.)  Plaintiff
23 shall be given the opportunity to file an amended complaint curing the deficiencies described by the
24 Court in this order.  In the paragraphs that follow, the Court will provide Plaintiff with the legal
25 standards that appear to apply to his claims.  Plaintiff should carefully review the standards and
26 amend only those claims that he believes, in good faith, are cognizable.

27 ///
28 ///

### III. Discussion

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

An allegation by a prisoner that medical personnel have been merely indifferent or negligent or have committed medical malpractice in diagnosing or treating a medical condition does not state a constitutional claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057. Additionally, a delay in treatment would not rise to the level of deliberate indifference unless the delay causes substantial harm. Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984).

Finally, prison officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a prison official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

3

IV. **Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed May 5, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///

4

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 14, 2010

UNITED STATES MAGISTRATE JUDGE