1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DWIGHT A. STATEN,

            Plaintiff,

  v.

J. WANG, et al.,

          Defendants.

_____/

CASE NO. 1:09-cv-00801-GBC (PC)

ORDER REQUIRING PLAINTIFF TO
EITHER FILE A SECOND AMENDED
COMPLAINT OR NOTIFY THE COURT OF
WILLINGNESS TO PROCEED ONLY ON
COGNIZABLE EIGHTH AMENDMENT
CLAIMS AGAINST DEFENDANTS JONES
AND SHELBURN

(ECF No. 16)

THIRTY DAY DEADLINE

## SCREENING ORDER

### I.    PROCEDURAL HISTORY

       Plaintiff Dwight A. Staten ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 5, 2009.  (ECF No. 1.)  The original complaint was dismissed with leave to amend for failure to state a claim.  (ECF No. 10.)  Plaintiff filed his First Amended Complaint on March 7, 2011.  (ECF No. 16.)  It is this First Amended Complaint that is now before the Court for screening.

       For the reasons set forth below, the Court finds that Plaintiff has stated at least one claim upon which relief may be granted.

///

////

1

1

## II.    SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.    SUMMARY OF COMPLAINT

Plaintiff alleges violations of his Eighth Amendment right to receive adequate medical care.  Plaintiff names the following individuals as Defendants: J. Wang, Chief Medical Officer; J. Jones, M.T.A.; and S. Shelburn, Registered Nurse.

Plaintiff alleges as follows:  On July 21, 2008, Plaintiff had surgery to remove a cyst from his neck.  Surgeons dressed Plaintiff's neck with gauze and a drainage hose to allow discharge from the wound.  Instructions were given to prison officials to change the dressing three times per day, which entailed cleaning the wound with peroxide and applying a new dressing.  On July 28, 2008, Defendant Jones refused to change the dressing.  On August 28, 2008, Defendant Shelburn refused to change Plaintiff's dressing.

1 As a result, Plaintiff's wound became infected.

2     Plaintiff seeks compensatory and punitive damages, declaratory relief pursuant to

3 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to 28 U.S.C. §§ 2283 and 2284,

4 and Federal Rule of Civil Procedure 65.

5 **IV.**   <u>ANALYSIS</u>

6     The Civil Rights Act under which this action was filed provides:

7         Every person who, under color of [state law] . . . subjects, or

8         causes to be subjected, any citizen of the United States . . . to
        the deprivation of any rights, privileges, or immunities secured
        by the Constitution . . . shall be liable to the party injured in an

9         action at law, suit in equity, or other proper proceeding for
        redress.

10
11 42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal

12 Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir.

13 1997) (internal quotations omitted).

14     **A.**   **<u>Eighth Amendment</u>**

15     Plaintiff asserts that Defendants were deliberately indifferent to his serious medical

16 needs in violation of the Eighth Amendment.

17     "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

18 inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439

19 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). The

20 two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical

21 need' by demonstrating that 'failure to treat a prisoner's condition could result in further

22 significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

23 response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting

24 <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

25 <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations

26 omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a

27 prisoner's pain or possible medical need, and harm caused by the indifference." <u>Jett</u>, 439

28 F.3d at 1096 (citing <u>McGuckin</u>, 974 F.2d at 1060). In order to state a claim for violation of

the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The objective component of deliberate indifference requires the showing of a serious medical need. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." McGuckin, 974 F.2d at 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104); see also Jett, 439 F.3d at 1096. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." Estelle, 429 U.S. at 104-105. The objective element requires proof that the prisoner's serious medical needs were not timely and properly treated.

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting Farmer, 511 U.S. at 835). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost, 152 F.3d at 1128 (quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)). "This second prong--defendant's response to the need was deliberately indifferent--is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Id. Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and

4

worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

If the claim alleges mere delay of treatment, the inmate must establish that the delay resulted in some harm. McGuckin, 974 F .2d at 1060 (citing Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam)). The delay need not cause permanent injury. McGuckin, 974 F.2d at 1060; see also Hudson v. McMillian, 503 U.S. 1, 10 (1992).  Unnecessary infliction of pain is sufficient to satisfy this requirement. Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)

(internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff has stated a claim against Defendants Jones and Shelburn.  Both were aware of and deliberately indifferent to Plaintiff's serious need.  Plaintiff asked each of them to change his dressing and clean his surgical wound, both refused.  Because of the delay in treatment and failure to clean and redress the wound, the wound became infected causing additional and unnecessary pain and suffering.

Plaintiff has failed to state a claim against Defendant Wang.  He has not demonstrated that Defendant Wang was aware of his serious medical need.  Plaintiff claims that Defendant Wang was on notice because of the grievances he filed.  However, after reviewing the grievances which are attached, the Court cannot find any mention of Defendant Wang reviewing or signing off on them.  Thus, this claim is dismissed against Defendant Wang.  If Plaintiff chooses to amend, he must demonstrate that Defendant Wang had the requisite knowledge of Plaintiff's medical need and was then deliberately indifferent to it.

### C.    <u>Supervisory Liability/Failure to Train</u>

Plaintiff alleges that Defendant Wang failed to train or supervise other prison officials.

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior.  <u>Monell v. Dep't. of Soc. Servs.</u>, 436 U.S. 658, 691 (1978).  Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979).  In other words, "[u]nder § 1983 a supervisor is only liable for his own acts.  Where the constitutional violations were largely committed by subordinates the supervisor is liable only if he participated in or directed the violations." <u>Humphries v. County of Los Angeles</u>, 554 F.3d 1170, 1202 (9th Cir. 2009).

A supervisor's failure to train subordinates may give rise to individual liability under Section 1983 where the failure amounts to deliberate indifference to the rights of persons whom the subordinates are likely to come into contact. See Canell v. Lightner, 143, F.3d 1210, 1213-14 (9th Cir. 1998).   To impose liability under this theory, a plaintiff must demonstrate that the subordinate's training was inadequate, that the inadequate training was a deliberate choice on the part of the supervisor, and that the inadequate training caused a constitutional violation. Id. at 1214; see also City of Canton v. Harris, 489 U.S. 378, 391 (1989); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).

Plaintiff claims that Defendant Wang failed to properly train or supervise his subordinates.  Plaintiff states that medical administrators can be held liable for failure to act when a warning is given.  Plaintiff states that in this case the warnings would have been Plaintiff's grievances filed after each denial of treatment.  Plaintiff claims that Defendant Wang failed to do anything after the first grievance.  Plaintiff also alleges that Defendant Wang is liable because he failed to train his subordinates to adhere to authorized post-surgical treatment.

Here, Plaintiff alleges nothing in the way of demonstrating this claim and therefore fails to state a claim.  As noted above, it does not appear that Defendant Wang reviewed or signed off on either of Plaintiff's grievances.  Further, Plaintiff does not state anything about any inadequate training, that the inadequate training was a deliberate choice made by Defendant Wang, or that the inadequate training caused the constitutional violations.

If he chooses to amend this claim, Plaintiff must specify which aspects of Defendant's training were deficient, how Wang was responsible for those deficiencies, and how those deficiencies caused subordinate Defendants to harm Plaintiff.

### D.    Personal Participation and Supervisory Liability

Plaintiff argues that Defendant Wang is liable for the conduct of his subordinates as he was not present and did not participate in the complained of conduct as currently described by Plaintiff.

Under Section 1983, Plaintiff must demonstrate that each named Defendant

7

personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)). However "where the applicable constitutional standard is deliberate

8

indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star v. Baca, 633 F.3d 1191, 1196 (9th Cir. 2011).

Plaintiff has not alleged facts demonstrating that Defendant Wang personally acted to violate his rights.  If Plaintiff chooses to amend and include this Defendant, he needs to specifically link each Defendant to a violation of his rights.

**E.    Relief Requests**

Plaintiff states that he seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to 28 U.S.C. §§ 2283 and 2284, and Federal Rule of Civil Procedure 65.

### 1.    Declaratory Relief

Plaintiff states that he would like a court order declaring that Defendants' acts and omissions violated Plaintiff's constitutional rights.  And, other than stating that he would like declaratory relief pursuant to  28 U.S.C. §§ 2201 and 2202, he does not reference these two sections again.

With regard to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated.   A declaration that Defendants violated Plaintiff's rights is unnecessary.

### 2.    Injunctive Relief

Plaintiff states that he would like preliminary and permanent injunctions ordering prison guards to allow law library access and the Warden to assign a permanent library

technician.  Plaintiff states that these requests are pursuant to 28 U.S.C. §§ 2283 and 2284, and Federal Rule of Civil Procedure 65, but again, fails to reference these again. Section 2283 has to do with granting a stay or injunction in state court.  This Court is unaware of any similar state court proceedings.  Section 2284 has to do with convening a three-judge panel, which is unnecessary here.  Rule 65 does have to do with injunctions and restraining orders.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."  Winter v. Natural Res. Defense Council, 129 S.Ct. 365, 376 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 129 S.Ct. at 374).  The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success.  See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12 (1987).  However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).  Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff."  Committee of Central American

1  Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting Martin v. International
2  Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984)).

3        Plaintiff has not addressed any of the requirements to be granted injunctive relief.
4  Also, the Court notes that the injunctive relief requested does not have any relation to the
5  claims made in Plaintiff's case.  If Plaintiff chooses to amend, he would be well-served to
6  focus his efforts on his other claims.

7  **V.    CONCLUSION AND ORDER**

8        The Court finds that Plaintiff's Complaint has stated cognizable claims against
9  Defendants Jones and Shelburn for violations of the Eighth Amendment.   However,
10  Plaintiff's Complaint fails to state any other claims upon which relief may be granted.
11  Because it appears that Plaintiff may be able to amend at least some of his remaining
12  claims to cure the deficiencies identified by the Court in this Order, the Court will grant
13  Plaintiff one additional opportunity to amend his claims.

14        If Plaintiff does not wish to file an Amended Complaint and is agreeable to
15  proceeding only on the claims found to be cognizable by the Court in this Order, Plaintiff
16  may so notify the Court in writing.  If the Court receives such notice, it will dismiss the non-
17  cognizable claims and the Defendant against whom no cognizable claims are pleaded, and
18  service of process will be initiated against Defendants Jones and Shelburn.

19        If Plaintiff opts to amend, he must demonstrate how the alleged incident resulted in
20  a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set
21  forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129
22  S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that
23  each defendant personally participated in the deprivation of his rights.  Jones v. Williams,
24  297 F.3d 930, 934 (9th Cir. 2002).

25        Plaintiff should note that although he has been given the opportunity to amend, it
26  is not for the purposes of adding new defendants or claims.  Plaintiff should focus the
27  amended complaint on claims and defendants relating only to issues arising out of the
28  incidents described herein.

1    Finally, Plaintiff is advised that an amended complaint supercedes the original

2 complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh,

3 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the

4 prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of

5 action alleged in an original complaint which are not alleged in an amended complaint are

6 waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814

7 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

8    Based on the foregoing, it is HEREBY ORDERED that:

9    1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

10    2.    Within thirty (30) days from the date of service of this order, Plaintiff must

11          either:

12          a.    File an amended complaint curing the deficiencies identified by the

13                Court in this order and captioned "Third Amended Complaint"

14                referring to the case number 1:09-cv-801-GBC (PC), or

15          b.    Notify the Court in writing that he does not wish to file an amended

16                complaint and wishes to proceed only against Defendants Jones and

17                Shelburn;  and

18    3.    If Plaintiff fails to comply with this order, this action will be dismissed for

19          failure to obey a court order.

20 IT IS SO ORDERED.

21

Dated:    June 9, 2011

22                                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28