# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT A. STATEN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>J. WANG, et al.,<br><br>　　　　　　Defendants. | CASE NO: 1:09-cv-00801-GBC (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO REVOKE IN FORMA PAUPERIS STATUS PURSUANT TO SECTION 1915(g) AND REQUIRING PLAINTIFF TO PAY FILING FEE WITHIN TWENTY DAYS<br><br>Docs. 5 & 34 |

On May 5, 2009, Plaintiff Dwight A. Staten ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On May 7, 2009, the Court granted Plaintiff's motion to proceed in forma pauperis. Doc. 5. On October 14, 2011, Defendants moved to revoke Plaintiff's in forma pauperis status, stating that prior to initiating this action, Plaintiff accumulated at least three actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. Doc. 34. On December 5, 2011, Plaintiff filed an opposition to Defendants' motion to revoke in forma pauperis. Doc. 39. On December 7, 2011, Defendants filed a reply. Doc. 40.

> [I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g)

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious, or failed to state a claim." *Andrews*, 398 F.3d at 1121.

A review of Plaintiff's filing history demonstrates Plaintiff has four (4) dismissals, which count as strikes pursuant to § 1915(g).

On November 4, 1992, Plaintiff filed *Staten v. Reagan*, 3:92-cv-04348-EFL (N.D. Cal.). On January 27, 1997, the Court dismissed Plaintiff's complaint, for failure to state a claim. *See Staten v. Reagan*, 1993 WL 266646 (N.D. Cal. July 14, 1993); *see also Staten v. Reagan*, 3:92-cv-04348-EFL, Dismissal Order, Doc. 11.

On August 11, 1999, Plaintiff filed *Staten v. Terhune*, 1:99-cv-06196-AWI-SMS (E.D. Cal.). On October 24, 2001, the Court dismissed Plaintiff's complaint, for failure to state a claim. *See Staten v. Terhune*, 1:99-cv-06196-AWI-SMS, Dismissal Order, Doc. 39. The Ninth Circuit affirmed on appeal, *Staten v. Terhune*, No. 01-17355 (9th Cir. June 16, 2003).

On September 9, 2003, Plaintiff filed *Staten v. Yarborough*, 2:03-cv-06427-UA-CT (C.D. Cal.). On July 22, 2004, the Court dismissed Plaintiff's complaint, for failure to state a claim, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)).[2] *See Staten v. Yarborough*, 2:03-cv-06427-UA-CT, Dismissal Order, Doc. 7.

On March 6, 2008, Plaintiff filed *Staten v. Walker*, 2:08-cv-00517-JAM-GGH (E.D. Cal.). On February 17, 2009, the Court adopted findings and recommendations and granted Defendants' motion to dismiss Plaintiff's complaint, for failure to state a claim. *See Staten v. Walker*, 2:08-cv-00517-JAM-GGH, Dismissal Order, Doc. 35. The Ninth Circuit affirmed on appeal, *Staten v. Walker*, No. 09-16011 (9th Cir. Nov. 3, 2010).

Plaintiff has three or more strikes which occurred before Plaintiff filed this action on May 5, 2009. Moreover, Plaintiff does not demonstrate that he faced imminent danger of serious physical

---

[2] Dismissals pursuant to *Heck* count as § 1915(g) strikes as Plaintiff would fail to state a claim. *See Romero v. United States, et al.*, 2011 U.S. Dist. LEXIS 39224 (D. Az. Apr. 5, 2011) (finding cases dismissed pursuant to *Heck* are dismissals for failure to state a claim); *accord Ransom v. Martinez, et al.*, 2011 U.S. Dist. LEXIS 31370 (E.D. Cal. Mar. 10, 2011); *Bell v. Dikin*, et al., 2010 U.S. Dist. LEXIS 140221 (E.D. Cal. Jan. 3, 2011); *Hamilton, v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

1  injury at the time he filed his complaint. Therefore, the Court finds that Plaintiff should be precluded
2  from proceeding in forma pauperis and revocation of Plaintiff's in forma pauperis status is
3  appropriate. 28 U.S.C. § 1915(g).

4         Based on the foregoing, the Court HEREBY ORDERS:

5      1.    Defendants' motion to revoke Plaintiff's in forma pauperis status is GRANTED;

6      2.    Plaintiff's in forma pauperis status is REVOKED, pursuant to 28 U.S.C. § 1915(g);

7      3.    The Court's order of May 7, 2009, is VACATED, which directed the Director of the
8           California Department of Corrections and Rehabilitation or his designee to deduct
9           the $350.00 filing fee from Plaintiff's trust account whenever the balance exceeds
10          $10.00;

11     4.    That the Clerk of the Court to serve a copy of this order on (1) the Financial
12          Department, U.S. District Court, Eastern District of California, Fresno Division and
13          (2) the Director of the California Department of Corrections and Rehabilitation via
14          the court's electronic case filing system (CM/ECF); and

15     5.    That Plaintiff pay the $350.00 filing fee in full within **twenty (20) days** or this action
16          will be dismissed, without prejudice.

IT IS SO ORDERED.

Dated:     March 7, 2012

UNITED STATES MAGISTRATE JUDGE