1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8  DWIGHT A. STATEN,                           CASE NO. 1:09-cv-00801-GBC (PC)

9                                              ORDER DENYING PLAINTIFF'S MOTION
        Plaintiff,                             TO CORRESPOND WITH NON-PARTY
10                                             WITNESSES AS UNNECESSARY

11  v.                                         Doc. 50

12                                             ORDER DENYING PLAINTIFF'S MOTIONS
   J. WANG, et al,                             TO DEPOSE BY AFFIDAVIT
13
                                               Docs. 53, 54
14      Defendants.
                                               ORDER DENYING PLAINTIFF'S MOTION
15                                             FOR DEFAULT

16                                             Doc. 51

17                                             ORDER DENYING PLAINTIFF'S MOTION
                                               FOR RULING AND EXTENSION OF TIME
18                                             TO DEPOSE WITNESSES AS MOOT

19  _____/ Doc. 57

20

21        On May 5, 2009, Plaintiff Dwight A. Staten ("Plaintiff"), a state prisoner proceeding pro se,

22  filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On June 27, 2011, the Court found

23  a cognizable Eighth Amendment claim for deliberate indifference to medical need against

24  Defendants Jones and Shelburn and dismissed all other claims and defendants. Doc. 19. On March

25  8, 2012, the Court granted Defendants' motion to revoke Plaintiff's in forma pauperis status and

26  ordered Plaintiff to pay the filing fee. Doc. 41. On April 23, 2012, Plaintiff paid the filing fee in full.

27  On May 8, 2012, the Court issued a revised scheduling order, establishing a deadline to amend

28  pleadings of June 12, 2012, a discovery deadline of August 13, 2012, and a dispositive motion

1    deadline of October 23, 2012. Doc. 46.

2          On July 9, 2012, Plaintiff filed a motion to correspond with non-party witnesses. Doc. 50.

3    On July 18, 2012, Plaintiff filed a motion for default against Defendants for failing to respond to

4    discovery. Doc. 51. On July 23, 2012, Defendants filed an opposition to Plaintiff's motion to

5    correspond with non-party witnesses. Doc. 52. On July 26 and 27, 2012, Plaintiff filed two motions

6    for extension of time to depose non-party witnesses by affidavit. Docs. 53, 54. On July 31, 2012,

7    Defendants filed an opposition to Plaintiff's motion for default for failing to respond to discovery.

8    Doc. 55. On August 8, 2012, Defendants filed an opposition to Plaintiff's motions for extension of

9    time to depose non-party witnesses. Doc. 56. On August 29, 2012, Plaintiff filed a motion for ruling

10   on his pending motions, again requesting an extension of time to depose non-party witnesses. Doc.

11   57.

12         Plaintiff requests to correspond with non-party witnesses and conduct a deposition by

13   "affidavit." Mot. Depose Wit. at 5, Docs. 53, 54. Plaintiff does not need Court permission to simply

14   correspond with non-party witnesses who are not incarcerated. *See e.g.*, Cal. Code Regs. tit. 15, §§

15   3134, 3141. As for Plaintiff's request to conduct a deposition, under Rule 31, a party may depose

16   any person by written questions. However, where the deponent is incarcerated, the party must obtain

17   the Court's permission to conduct the deposition. Fed. R. Civ. P. 31(a)(2)(B). Unless the parties

18   stipulate otherwise, the party noticing the deposition is required to provide the questions to an

19   "officer," as that term is defined in Rule 28(a), who will take the deponent's responses to the

20   questions, certify them, and send them to the noticing party. *Id.* Fed. R. Civ. P. 31(b); 30(b)(5). In

21   Plaintiff's motion, he requests to conduct a deposition by "affidavit." Docs. 53, 54. The Federal

22   Rules of Civil Procedure do not provide for deposing by affidavit but that a party should follow the

23   procedure as outlined above. Therefore, the Court DENIES Plaintiff's motion to conduct deposition

24   by "affidavit."

25         As for Plaintiff's motion for default sanctions, Plaintiff alleges that Defendants failed to

26   timely respond to discovery. Doc. 51. On June 4, 2012, the Court granted Defendants' motion for

27   thirty (30) day extension of time to respond to discovery. Doc. 48. Thirty (30) days would fall on

28   July 4, 2012, but since that was a legal holiday, Defendants' responses would not have been due until

1   July 5, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C) and 6(a)(6)(A). Defendants submitted their discovery

2   responses on July 5, 2012. Defs. Opp'n Ex. A, Doc. 55. Thus, Defendants' responses were timely.

3   Plaintiff's motion for default sanctions for failing to respond to discovery is DENIED.

4            Accordingly, based on the foregoing, it is HEREBY ORDERED that:

5       **1.**      Plaintiff's motion to correspond with non-party witnesses who are not incarcerated

6                    is DENIED as a Court order is unnecessary;

7       **2.**      Plaintiff's motions to conduct deposition by "affidavit" are DENIED;

8       **3.**      Plaintiff's motion for default sanctions for failing to respond to discovery is

9                    DENIED; and

10      **4.**      Plaintiff's motion for ruling and for extension of time to conduct deposition by

11                   "affidavit" is DENIED as MOOT.

12  IT IS SO ORDERED.

13

    Dated:     September 12, 2012

14                                                  UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28