# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT A. STATEN, | CASE NO. 1:09-cv-00801-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO CORRESPOND WITH NON-PARTY WITNESSES AS UNNECESSARY |
| v. | Doc. 50 |
| J. WANG, et al, | ORDER DENYING PLAINTIFF'S MOTIONS TO DEPOSE BY AFFIDAVIT |
| Defendants. | Docs. 53, 54 |
| | ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT |
| | Doc. 51 |
| | ORDER DENYING PLAINTIFF'S MOTION FOR RULING AND EXTENSION OF TIME TO DEPOSE WITNESSES AS MOOT |
| / | Doc. 57 |

On May 5, 2009, Plaintiff Dwight A. Staten ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On June 27, 2011, the Court found a cognizable Eighth Amendment claim for deliberate indifference to medical need against Defendants Jones and Shelburn and dismissed all other claims and defendants. Doc. 19. On March 8, 2012, the Court granted Defendants' motion to revoke Plaintiff's in forma pauperis status and ordered Plaintiff to pay the filing fee. Doc. 41. On April 23, 2012, Plaintiff paid the filing fee in full. On May 8, 2012, the Court issued a revised scheduling order, establishing a deadline to amend pleadings of June 12, 2012, a discovery deadline of August 13, 2012, and a dispositive motion

1  deadline of October 23, 2012. Doc. 46.

2       On July 9, 2012, Plaintiff filed a motion to correspond with non-party witnesses. Doc. 50.
3  On July 18, 2012, Plaintiff filed a motion for default against Defendants for failing to respond to
4  discovery. Doc. 51. On July 23, 2012, Defendants filed an opposition to Plaintiff's motion to
5  correspond with non-party witnesses. Doc. 52. On July 26 and 27, 2012, Plaintiff filed two motions
6  for extension of time to depose non-party witnesses by affidavit. Docs. 53, 54. On July 31, 2012,
7  Defendants filed an opposition to Plaintiff's motion for default for failing to respond to discovery.
8  Doc. 55. On August 8, 2012, Defendants filed an opposition to Plaintiff's motions for extension of
9  time to depose non-party witnesses. Doc. 56. On August 29, 2012, Plaintiff filed a motion for ruling
10 on his pending motions, again requesting an extension of time to depose non-party witnesses. Doc.
11 57.

12      Plaintiff requests to correspond with non-party witnesses and conduct a deposition by
13 "affidavit." Mot. Depose Wit. at 5, Docs. 53, 54. Plaintiff does not need Court permission to simply
14 correspond with non-party witnesses who are not incarcerated. *See e.g.*, Cal. Code Regs. tit. 15, §§
15 3134, 3141. As for Plaintiff's request to conduct a deposition, under Rule 31, a party may depose
16 any person by written questions. However, where the deponent is incarcerated, the party must obtain
17 the Court's permission to conduct the deposition. Fed. R. Civ. P. 31(a)(2)(B). Unless the parties
18 stipulate otherwise, the party noticing the deposition is required to provide the questions to an
19 "officer," as that term is defined in Rule 28(a), who will take the deponent's responses to the
20 questions, certify them, and send them to the noticing party. *Id.* Fed. R. Civ. P. 31(b); 30(b)(5). In
21 Plaintiff's motion, he requests to conduct a deposition by "affidavit." Docs. 53, 54. The Federal
22 Rules of Civil Procedure do not provide for deposing by affidavit but that a party should follow the
23 procedure as outlined above. Therefore, the Court DENIES Plaintiff's motion to conduct deposition
24 by "affidavit."

25      As for Plaintiff's motion for default sanctions, Plaintiff alleges that Defendants failed to
26 timely respond to discovery. Doc. 51. On June 4, 2012, the Court granted Defendants' motion for
27 thirty (30) day extension of time to respond to discovery. Doc. 48. Thirty (30) days would fall on
28 July 4, 2012, but since that was a legal holiday, Defendants' responses would not have been due until

July 5, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C) and 6(a)(6)(A). Defendants submitted their discovery responses on July 5, 2012. Defs. Opp'n Ex. A, Doc. 55. Thus, Defendants' responses were timely. Plaintiff's motion for default sanctions for failing to respond to discovery is DENIED.

     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to correspond with non-party witnesses who are not incarcerated is DENIED as a Court order is unnecessary;
2. Plaintiff's motions to conduct deposition by "affidavit" are DENIED;
3. Plaintiff's motion for default sanctions for failing to respond to discovery is DENIED; and
4. Plaintiff's motion for ruling and for extension of time to conduct deposition by "affidavit" is DENIED as MOOT.

IT IS SO ORDERED.

Dated:   September 12, 2012

UNITED STATES MAGISTRATE JUDGE