# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT A. STATEN,<br><br>        Plaintiff,<br><br>   vs.<br><br>J. WANG, et al.,<br><br>        Defendants. | 1:09cv00801 DLB PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO STAY<br><br>(Document 101) |

     Plaintiff Dwight A. Staten ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action on May 5, 2009. Pursuant to Court order, he filed a First Amended Complaint on June 9, 2011. This action is proceeding on Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Jones and Shelburn.

     On March 6, 2013, Defendants filed a Motion for Sanctions based on Plaintiff's alleged misconduct and fraud related to his opposition to their Motion for Summary Judgment. On March 11, 2013, Plaintiff was ordered to file a response within 21 days. The Motion for Summary Judgment and Plaintiff's Rule 56(d) motion have been stayed.

     On March 25, 2013, Plaintiff filed his first request for an extension of time. Plaintiff requested a 21 day extension based on his inability to access the prison law library. The request was granted on March 27, 2013.

1

On April 17, 2013, Plaintiff filed his second request for an extension of time. Despite Plaintiff's statements in his motion that he had not been granted Priority Legal User ("PLU") status, the document attached to his request showed that Plaintiff had been granted PLU status from April 8, 2013, through April 27, 2013.

In the Court's April 18, 2013, order granting the request in part, the Court stated, "Giving Plaintiff the benefit of the doubt in the truth of his statements, and because Plaintiff has PLU status through April 27, 2013, the Court will grant an extension of time through April 30, 2013." The Court further stated that "in light of Plaintiff's PLU status and law library access," no further extensions would be granted. Plaintiff was warned that if the Court did not receive an opposition by April 30, 2013, the Court would consider the motion for sanctions unopposed.

On April 29, 2013, Plaintiff filed yet another request for an extension of time and attached the document that he states should have been attached to the prior request. The Court denied the request, stating that the document did not change the fact that Plaintiff had PLU status through April 27, 2013. The Court also noted:

> Plaintiff's credibility has been called in to question by Defendants' request for sanctions, as well as Plaintiff's last request for an extension. Plaintiff inadvertently attached a document that undercut his argument, and the presentation of another document to the Court does not alter the fact that Plaintiff had PLU status from April 8, 2013, through April 27, 2013.
>
> This Court has been generous in extending time and has given Plaintiff the benefit of the doubt thus far. At this juncture, however, it appears that Plaintiff is simply stalling. The Court was clear in the last order that no further extensions would be granted, and if an opposition was not filed by April 30, 2013, the Court would consider the motion unopposed. Rather than using his library time to craft an opposition to Defendants' allegations of forgery, he decided to submit another request for an extension of time. Plaintiff's request for an additional 21 day extension of time is DENIED.

On May 3, 2013, Plaintiff filed his fourth request for an extension of time based on a prison lockdown. The Court denied the motion on May 6, 2013, explaining that it appeared that Plaintiff had not yet received the order denying his *third* request for an extension at the time he submitted his *fourth*.

On May 16, 2013, Plaintiff filed a request to "stay" the Court's prior orders denying his requests for additional time. He cites "new" evidence that the Senior Librarian at Corcoran contacted this Court and was advised by the Clerk's Office that Plaintiff's prior request had been granted, and that he had until May 30, 2013, to file an opposition. Mr. Bender therefore granted Plaintiff PLU status from April 30, 2013, to May 30, 2013. He states he learned of this evidence on May 13, 2013.

The Court will not entertain Plaintiff's continual stall tactics, except to state that his current questionable claims do not change the fact that he had prior PLU status during the time in which he was permitted to file his opposition. The Court also notes that Plaintiff has never had a May 30, 2013, deadline, and it is clear from the docket that his prior requests have been denied. Plaintiff submits no proof of his current claim relating to a call with this Court.

Plaintiff's request to stay is DENIED.

IT IS SO ORDERED.

Dated:   **May 17, 2013**                         /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE