# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT A. STATEN, ) | 1:09cv00801 DLB PC |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANTS' MOTION FOR TERMINATING SACNTIONS AND DISMISSING THIS ACTION WITH PREJUDICE |
| ) | |
| vs. ) | |
| ) | |
| J. WANG, et al., ) | (Document 88) |
| ) | |
| Defendants. ) | |

Plaintiff Dwight A. Staten ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action on May 5, 2009.  Pursuant to Court order, he filed a First Amended Complaint on June 9, 2011.  This action is proceeding on Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Jones and Shelburn.[1]

On October 23, 2012, Defendants filed a Motion for Summary Judgment.  On December 10, 2012, Plaintiff filed a Rule 56(d) motion.  The parties filed their respective oppositions on February 19, 2013.

Soon after, on March 6, 2013, Defendants filed a Motion for Sanctions.  Defendants move for terminating sanctions on the grounds that Plaintiff engaged in egregious misconduct and committed fraud when he filed and served documents in opposition to the Motion for Summary Judgment that he knew to be forged.

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.

1

After receiving more than one extension of time, Plaintiff failed to file an opposition by April 30, 2013, the deadline set by the Court.[2]

## A. **LEGAL STANDARD**

Federal courts have the inherent authority to sanction conduct abusive of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991). However, because of their very potency, inherent powers must be exercise with restraint and discretion. Chambers, 501 U.S. at 44 (quotation marks omitted). To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith, Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980); Miller v. City of Los Angeles, 661 F.3d 1024, 1036 (9th Cir. 2011); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001), and the extreme sanction of "dismissal is warranted where . . . a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." Anheuser-Busch, Inc. v. Natural Beverages Distributors, 69 F.3d 337, 348 (9th Cir. 1995) (citation omitted); Leon v. IDX Systems, Corp., 464 F.3d 951, 958 (9th Cir. 2006).

## B. **DISCUSSION**

Defendants move for terminating sanctions based on three declarations submitted by Plaintiff in opposition to their Motion for Summary Judgment. Defendants contend that the declarations of CDCR employees J. Wang, M.D., S. Osunde and Paula Uranga have been forged by Plaintiff.

In support of their contention, Defendants submit the declarations of these three individuals, who all state that they did not sign the documents submitted by Plaintiff, nor had

---

[2] Plaintiff filed approximately five requests for extensions of time, some of which were supported with questionable claims. The Court gave Plaintiff the benefit of the doubt and granted him two extensions. In the April 18, 2013, order granting his request in part, the Court very clearly stated that if it did not receive an opposition by April 30, 2013, then Defendants' Motion for Sanctions would be considered unopposed. Rather than file an opposition addressing the allegations of forgery, Plaintiff continued filing requests for extensions of time that were ultimately denied.

they seen the declarations bearing their name and forged signatures before Plaintiff filed his opposition.  Osunde Decl. ¶ 3; Uranga Decl. ¶ 3; Wang Decl. ¶ 2.

Defendants also note, and the Court agrees, that these declarations look almost exactly like numerous other documents filed by Plaintiff.  The three declarations also contain errors, such as misidentification of Efosa Osunde's first initial as "S," incorrectly referring to Dr. Wang as the Chief Medical Officer instead of Acting Chief Medical Executive, and incorrectly stating Paula Uranga's title.  Osunde Decl. ¶ 4; Uranga Decl. ¶ 4; Wang Decl. ¶ 4.

Based on the evidence before the Court, it is clear that Plaintiff has engaged in deceptive tactics in an attempt to avoid summary judgment.  Indeed, this is not the only time that Plaintiff has tried to deceive the Court.  At the outset of this action, Plaintiff indicated that he had filed only two prior lawsuits while incarcerated.  However, as explained in the Court's March 8, 2012, order revoking Plaintiff's in forma pauperis status, he had at least four prior dismissals that counted as strikes under section 1915(g).  Additionally, he has attempted to deceive the Court in his prior requests to extend time to respond to this motion.

Plaintiff's submission of fraudulent documents, as well has his history of dishonestly, requires no less than terminating sanctions.  This action has been pending since 2009 and Defendants have expended additional time and resources in addressing Plaintiff's misconduct. The Court further finds that lesser sanctions would not match the severity of Plaintiff's actions.

Defendants also request an award of attorney's fees, arguing that although Plaintiff is indigent, it would deter him from filing other frivolous lawsuits and/or engaging in deceitful conduct.  Defendants also contend that his actions undermined the judicial process and caused harm to individuals who were not parties to this action.  Leon v. IDX Systems Corp., 464 F.3d 951, 961 (9th Cir. 2006) ("Under its 'inherent powers,' a district court may also award sanctions in the form of attorneys' fees against a party or counsel who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'") (citations omitted).

Here, Defendants recognize that Plaintiff is indigent, but nonetheless contend that his conduct warrants additional sanctions. There is no question that Plaintiff acted in bad faith, but given Plaintiff's status as a pro se prisoner, the Court declines to award attorneys' fees. Under these circumstances, dismissal of Plaintiff's action, at this stage in the proceedings, is sufficient to sanction Plaintiff for his conduct.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion for Terminating Sanctions is GRANTED;

2. This action is DISMISSED WITH PREJUDICE;

3. The Clerk is DIRECTED to enter judgment in favor of Defendants and against Plaintiff Dwight A. Staten.

IT IS SO ORDERED.

Dated:   **May 29, 2013**           /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE